## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT GANDY,** | § | |
| *Plaintiff* | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **STATE OF TEXAS,** | § | |
| **TEXAS COMPTROLLER** | § | |
| **OF PUBLIC ACCOUNTS** | § | |
| *Defendants.* | § | |
| | § | |

## COMPLAINT

Plaintiff, ROBERT GANDY, files this Complaint against Defendants; STATE OF TEXAS AND TEXAS COMPTROLLER OF PUBLIC ACCOUNTS for Declaratory and Injunctive Relief and would show the following:

## I.
## PRELIMINARY STATEMENT

1.      It is now settled United States Supreme Court law that to demonstrate a favorable termination of a criminal prosecution for purposes of a Fourth Amendment claim under §1983 for malicious prosecution, a plaintiff need not show that the criminal prosecution ended with some affirmative indication of innocence.[1] *Thompson v. Clark*, ET AL Cert No. 20-659. The Texas Tim Cole Act (the "Act"), which permits recovery for wrongfully convicted persons, mandates a finding of actual innocence prior to recovery. This pre-recovery provision of the Act is unconstitutional, and Plaintiff is entitled to recovery under the Act.

---

[1] It is well established that the knowing use of fabricated evidence to obtain a conviction violates due process. The most analog common law tort to such a violation is malicious prosecution.

2.      Defendant(s) State of Texas and or the Texas Comptroller of Public Accounts is a governmental entity organized under the laws of the State of Texas. Defendant(s) is sued for the wrongful deprivation of compensation a purely (ministerial act) based upon an unconstitutional provision of its statue that provides in pertinent part that an individual wrongfully convicted, and imprisoned, whose underlying conviction has been vacated and dismissed, must prove he is "actually innocent", under the Texas' Tim Cole Act, *Texas Civil Practice and Remedies Code Section 103.051*. This requirement of the Act conflicts with the United States Supreme Court's precedence established in the recent case, *Thompson v. Clark, Et Al, Cert No. 20-659* and deprives Plaintiff of his constitutional rights to equal protection under the laws of the United States.

3.      Plaintiff is a victim of an egregious miscarriage of justice that resulted in his imprisonment in violation of his Fourth Amendment rights against illegal seizure of his person and violation of his rights to due process. Plaintiff was denied his Fifth, Sixth and Fourteenth Amendment rights to due process, a fair trial, and equal protection afforded under the United States Constitution. Plaintiff's conviction was based upon the Harris County District Attorney's use of false, misleading and or perjured testimony and or junk science forensic report to obtain his conviction through expert witness John P. Riley, FBI Special Agent, Forensics Investigator, Clayvell Richard, states key witness, and withholding material exculpatory evidence from Plaintiff's defense counsel. The conviction was reversed, set aside, remanded and resulted in the dismissal of all charges. Thereafter, Plaintiff sought compensation under the Tim Cole Act.

4.      Defendants, the State of Texas and the Texas Comptroller of Public Accounts are sued for the wrongful denial of compensation a purely (ministerial act), for his wrongful conviction and imprisonment, under the Texas Tim Cole Act. The Defendants' denial was based on Texas' statutory requirement of a finding of "actual innocence" for any person otherwise qualified to

2

receive compensation by dismissal of all criminal charges, based upon violation of his constitutional rights to be free from the unlawful seizure of his person and property.

5.      Plaintiff brings this suit seeking a declaratory judgment and injunctive relief that the Tim Cole Act or the portion thereof requiring a finding of actual innocence for compensation is invalid under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also seeks a declaratory judgment and injunctive order that he is therefore entitled to relief under the Act.

## II.
## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 28 U.S.C. §1331, and 1345.

6.      This Court has authority to provide the relief requested under the Supremacy Clause, U.S. Const. art. VI, cl. 2, the Fourteenth Amendment to the U.S. Constitution, 28 U.S.C. §§ 1651, 2201, and 2202,  its inherent equitable authority,  and The Declaratory Judgment Act, 28 U.S.C. §2201, F.R.C.P. Rule 57.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendants are governmental entities established within this judicial district and because a substantial part of the acts or omissions giving rise to this action arose from events occurring within this judicial district.

## III.
## PARTIES

8.      Plaintiff, ROBERT GANDY, is an individual residing in Fort Bend County, Texas.

9.      Defendants, the State of Texas and the Texas Comptroller of Public Accounts are governmental entities organized under the laws of the State of Texas.

**IV.**
**PROCEDURAL HISTORY**

10.      Mr. Gandy was convicted of Aggravated Robbery on September 19, 1990, in the 351st District Court of Harris County, Texas, and was sentenced to life in prison.

11.      On August 02, 2018, the Honorable George Powell, Presiding Judge, 351st District Court, signed an "Agreed Proposed Findings of Fact and Conclusions of Law and Order" ("Findings of Fact"). In that document, the Court held that the State's use of false, misleading and or perjured testimony violated Mr. Gandy's constitutional rights and deprived him of a fair trial as follows:

12.      Mr. Gandy is entitled to relief under Article 11.073, T.C.C.P. because false or misleading scientific ballistic analysis testimony was presented at his jury trial by FBI agent John P. Riley. Agent Riley testified that test on bullets found in applicant's residence, his vehicle, in co-defendant, Foster's residence, and in the restaurant showed that some of the bullets from each of these places could have come from the same box of ammunition. This testimony was false, misleading and inflammatory to the jury and gave inference that bullets found at the crime scene and defendants' residences came from the same box of ammunition." (Transcript R. VI, 427). Agent Riley testified that the composition of the bullets fell into two groups. (Transcript R. IX, Exhibit 28 presented at trial). His testimony went on to state that "his opinion was that "the bullets within each group typically are found within the same box of cartridges but pointed out that they could have come from any group of boxes manufactured at the location and about same date, but it is "most likely" they came from the same box of ammunition. (Transcript R. VI, 428-429; IX, Exhibit 28, presented at trial).

A.  On or about January 30, 2018, Plaintiff filed his Application for a Writ of Habeas Corpus in the Texas Court of Criminal Appeals with Proposed Findings of Fact and

Conclusions of Law and Order entered by the trial Court on August 2, 2018. The Harris County District Attorney's Office (HCDAO) stipulated and conceded in its proposed findings of fact and conclusions of law and order after remand to the foregoing facts pages 3-6. They went on to stipulate that, during closing arguments, the State argued, among other things, that while Riley's report may not be enough circumstantial evidence in and of itself, when combined with all the other evidence, the pieces come together (VI R.R. at 625-26); that Riley's report indicates that bullets that are analytically indistinguishable typically come from the same box of ammunition (VI R.R. at 648); and that it was most likely the bullets came from the same box of ammunition as it would be introduced by the same manufacturer on the same date (VI R.R. at 648).

B. Plaintiff filed a certified copy of the testimony provided by Clayvell Richard, the witness accomplice to show the court that the conviction was based upon the perjured testimony of a witness accomplice; the only person to implicate applicant in the crime. The false testimony of Agent Riley, the FBI ballistics expert, was used to corroborate the perjured testimony of Richard, the witness accomplice. Judge Powell found that, but for the false testimony of these two witnesses, no rational trier of fact could have rendered a conviction in this case.

C. The trial court concluded that the State's closing argument coupled with the expert testimony squarely mislead the jury and prejudiced the defense at trial, causing the jury to believe that the expert testimony was independent corroboration to support a finding of guilt. The jury was given instructions during guilt innocence phase, that they must find independent testimony or evidence to corroborate the witness

5

accomplice, Clayvell Richard testimony in order to make a finding of guilt.

D.  The trial court found Plaintiff was prejudiced at his jury trial by false, misleading and prejudicial expert testimony and forensic report given by FBI agent John P. Riley.

E.  Plaintiff filed a certified affidavit of Dr. Marc LeBeau, the F.B.I. Senior Forensic Scientist dated May 3, 2018, indicating that the testimony of Agent Riley during Plaintiff's trial exceeded the limits of the science and was not supported by the F.B.I. Dr. LeBeau affirmed the F.B.I.'s review of Agent Riley's testimony from this case found at least one instance (on page 426-429 of the reviewed transcript) in which Agent Riley stated or implied that evidence from the case could be associated to a single box of ammunition, which testimony "exceeded the limits of the science" of Comparative Bullet Lead Analysis (CBLA).

F.  The trial court found that Plaintiff had shown by a preponderance of evidence that, but for the false testimony of Agent Riley, Plaintiff would not have been convicted of aggravated robbery as the case was based upon circumstantial evidence only.

G.  The trial court concluded that Plaintiff should be granted relief because the expert witness testimony denied him a fair trial and due process as the testimony was relevant, material and prejudicial, and but for the false and misleading expert witness testimony, Applicant would not have been found guilty of aggravated robbery.

13.    On May 8, 2019, the Texas Court of Criminal Appeals vacated Plaintiff's conviction and sentence. Plaintiff had already been at liberty on parole for 15-years at the time his conviction was vacated. The mandate issued on June 04, 2019.

14.    On August 07, 2019, Plaintiff filed his request under the Tim Cole Act seeking compensation for his wrongful conviction and imprisonment. The Texas Comptroller of Public

Accounts denied his request for relief. On May 4, 2020, Plaintiff filed a subsequent application after retaining counsel. The Texas Comptroller of Public Accounts denied his application for compensation again on June 22, 2020, stating he was not declared, "actually innocent."

15.     The Plaintiff is entitled to compensation under the Tim Cole Act for his wrongful imprisonment, and supervised release, that covered some 30 years of his life.  Plaintiff's conviction was reversed, and the criminal charges dismissed, based upon violation of his rights to be free from unlawful seizure of his person and property, to due process, and equal protection under the United States Constitution. The Defendants 'denial of Plaintiff's request for compensation under the Tim Cole Act because he was not "declared actually innocent" renders that portion of the Tim Cole Act extra-constitutional or unconstitutional pursuant to the U.S. Supreme Court's decision in *Thompson v. Clark Et Al, supra*. Defendants' refusal to perform its ministerial duty to compensate Plaintiff, who has otherwise shown himself fully qualified to receive compensation is a violation of his constitutional rights to equal protection of the law under the 14th Amendment, and a depravation of his property interest in the proceeds provided for by the Act.

16.     The Texas Supreme Court precedent makes clear that the granting of habeas relief based on procedural (constitutional) violations, a/k/a *Schlup* claims, brought Plaintiff within the "narrow class of cases that satisfy the actual innocence standard." *In re Allen*, 366 W.W.3d 696 (Tex. 2012). Plainly, the Texas Supreme Court stated that *Schlup* claims are actual innocence claims under the Tim Cole Act. The Defendant(s) denied Plaintiff's application for compensation arguing there was no "declaration" of actual innocence when in fact, the granting of the writ of habeas corpus is the required declaration. *Id*

17.     In making this determination, the Comptroller is required to consider only the applicable court order filed by the claimant, which for relief to be appropriate, must clearly indicate

on its face that the court order was granted or rendered on the basis of actual innocence. Since the Comptroller's duty to determine eligibility is purely ministerial, the law must clearly spell out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. In July of 2008 the Austin Court of Appeals, in *State v. Young*, 265 S.W.3d 697 (Tex. App. - Austin, 2008) ruled on how the phrase "actual innocence" is to be interpreted in Texas Civil Practice and Remedies Code Chapter 103 prisoner compensation claims. While Chapter 103 has been since amended, {and Sec.103.051(b-1) added} the same language that was present prior to the amendments still governs the rights of the wrongfully imprisoned in the application process under §103.001(a)(2)(B). Section103.001(a)(2)(B) Tex. Civ. Prac. & Rem. Code states: (a) A person is entitled to compensation if: (2) the person: (B) has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced.

18.     In *Young*, the Austin Court of Appeals pointed out that Texas courts do not make a determination of "actual innocence" when acquitting a defendant at trial or on direct appeal. Rather, the finding that is made by the court is that the State has failed to meet its evidentiary burden of proving guilt beyond a reasonable doubt. *Id., p.705*. The Court held that "'actual innocence' is a term of art that has consistently been used by Texas courts to describe a basis for collaterally attacking, through habeas corpus, a final criminal conviction on constitutional grounds." *Id. at 705*.

19.     The Texas Court of Criminal Appeals, in *Ex Parte Franklin* 72 S.W.3d 671 (Tex. Crim. App. 2002), clearly describes these two types of "actual innocence" claims in habeas corpus practice, *Herrera* - type claims and *Schulp* - type claims. A *Herrera* - type actual innocence claim is based on newly discovered evidence showing factual innocence. A *Schulp*- type actual

innocence claim is a procedural claim in which the applicant's claim of innocence does not provide a basis for relief but is tied to a showing of constitutional error at trial. The court must also find that the constitutional error "probably resulted" in the conviction of one who was "actually innocent." Id. at 676. See also Art. 11.07, §4(a)(1) and (2), Tex. Code Crim. Proc. In particular, the *Schulp* court stated "To satisfy Carrier's "actual innocence" standard, a petitioner must show that, in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. {*Schulp v. Delo* 513 U.S. 298,301 (1995)}.

20.     Notably, in Plaintiff's case, the Texas Court of Criminal Appeals specifically stated that Plaintiff would not have been convicted, "but for" the unconstitutional acts. The trial court found that "no rational trier of fact" could have convicted Plaintiff.  But for the false or misleading expert witness testimony of Agent Riley in Plaintiff's criminal trial, he could not have been found guilty of the charge of aggravated robbery.

21.     The Texas Supreme Court further addressed the issue of actual innocence under the Tim Cole Act in the case, *In Re Billy Frederick Allen* 366 S.W.3d 696 (Tex. 2012), where it held that Sec.103 of the Texas Civil Practice and Remedies Code applied to *Schlup* type claims.  Justice Wainwright spoke for the majority: "*The Legislature has provided for compensation to individuals who have been granted habeas relief based on "actual innocence. This is a narrow class of claimants within a larger class of individuals obtain habeas relief. The Court of Criminal Appeals has emphasized that Texas recognizes only two types of "innocence" claims Herrera* and *Schlup* claims. *Ex Parte Brown*, 205 S.W.3d at 544. *Recognizing only two types of "innocence" claims is consistent with the legislatively identified narrow class of claimants who are entitled to compensation*." *In Allen*, the claimant was granted habeas relief because of constitutional violations and a finding by the trial court that there were cognizable claims of actual innocence.

This court found that *Allen* was entitled to compensation even though the opinion from the Court of Criminal Appeals did not specifically state that his writ was granted based upon actual innocence. "*The Court of Criminal Appeals granted habeas relief to Allen based on his Schlup-type claim, bringing him into the narrow class of cases that satisfy the actual innocence standard. We do not agree with the Comptroller that Allen's relief is based, at most, on ineffective assistance of counsel, because that finding alone would be insufficient to grant habeas relief under Schlup. Even if a court does not explicitly state that its holding is based on actual innocence, implicitly the court must find that the applicant is actually innocent to grant relief on a Schlup claim. See Brooks, 219 S.W.3d at 401. We do not read the Court of Criminal Appeals' opinion as indicating it failed to find actual innocence as to Allen's conviction. Therefore, because the Court of Criminal Appeals granted habeas relief on a Schlup claim, Allen's court order clearly indicates on its face that relief was based on actual innocence.*"

22.     Plaintiff's writ granted in *Ex Parte Gandy*, Writ No. 22,074-10 (Tex. Crim. App. May 08, 2019) is facially valid as a grant of relief on grounds of "actual innocence", because it determined no rational trier of facts could have convicted him of aggravated robbery absent the State's use of perjury and false testimony to obtain his conviction. Simply, the writ was granted on a *Schlup* - type claim bringing Plaintiff within the "narrow class of cases that satisfy the actual innocence standard." *Allen*, 366 S.W.3d at 710. Plainly, the Texas Supreme Court stated that *Schlup* claims are actual innocence claims under the Tim Cole Act. Resultantly, Defendant abuses his discretion and denies Plaintiff equal protection under the Tim Cole Act to compensation for his wrongful conviction and imprisonment based upon violation of his 4th Amendment rights to be free from unlawful seizure of his person and due process, and his 5th and 6th Amendment rights to a fair trial.

23.     As his final remedy in State court Plaintiff filed a Writ of Mandamus for relief against the Texas Comptroller of Public Accounts in the Texas Supreme Court which was denied without opinion.

24.     In 2009, in *City of El Paso v. Heinrich*, 284 S.W.3d 366 the Texas Supreme Court attempted to clarify when governmental immunity bars a suit seeking a declaration that a governmental entity has acted, or is acting, in violation of a statute or constitutional provision. In *Heinrich*, the widow of a police officer sued the City claiming that the City's reduction of her pension was not authorized by the statute governing the fund. The widow sought, among other things, a declaratory judgment on her pension entitlement and an injunction enforcing the declaratory judgment "against officials only". The court held that "*suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money.*" 284 S.W.3d at 372. The rational for this exception to immunity is that: "*A state official's illegal or unauthorized actions are not acts of the State. Accordingly, an action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars.*" Id. at 370, quoting *Federal Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997). These ultra vires suits "do *not attempt to exert control over the state – they attempt to reassert the control of the state.*" *Heinrich*, 284 S.W.3d at 372.

## V.
## CONTROVERSY IN DISPUTE

25.     There is a genuine controversy over how the Tim Cole Act*, Chapter 103 of the Texas Civil Practice and Remedies Code* is applied to the determination of actual innocence, which Plaintiff contends is in direct conflict with recent case precedence decided by the United States Supreme Court in *Thompson v. Clark, Et Al Cert No*. 20-659. Thereby, depriving Plaintiff of his

right to and property interest in compensation for his wrongful conviction and imprisonment in violation of the 4th and 14th Amendments to the U. S. Constitution.

26.     Recently, the United States Supreme Court reasoned and held that to demonstrate a favorable termination of a criminal prosecution for purposes of the 4th Amendment, a plaintiff need not show the criminal prosecution ended with some affirmative indication of innocence. *Thompson v. Clark, infra*.

27.     Here, Plaintiff's conviction was reversed after an order by the State District Court and State Court of Criminal Appeals' finding that Plaintiff was denied constitutional due process and a fair trial as a result of false and misleading expert witness testimony. The state court further found that Plaintiff was "illegally restrained" in violation of his 4th Amendment rights, by virtue of denial of his 5th and 6th Amendment rights to due process and a fair trial.

28.     In *Thompson*, the petitioner sought relief for "malicious prosecution" which subjected him to an unlawful, illegal and excessive detention. Likewise, Plaintiff was found to have been illegally restrained by his wrongful conviction and imprisonment based upon violation of his constitutional rights.

29.     In *Thompson*, the charges were dropped or dismissed. Similarly, Plaintiff's criminal charges were dismissed on remand after his conviction was reversed via writ of habeas corpus.

30.     *Thompson* sought relief under 42. U.S.C. § 1983 for violation of his 4th Amendment rights. The 2d Circuit required that *Thompson* prove his case resolved without a conviction, *and with some affirmative indication of his innocence*.

31.     Similarly, the Tim Cole Act, requires the same indicia of an affirmative indication of "actual innocence" in order to recover compensation after being wrongfully convicted, and imprisoned.

32.     The U.S. Supreme Court ultimately concluded that to prevail on a Section 1983 claim for unlawful, illegal and excessive detention or similarly, illegal restraint, the requirement for a showing of actual innocence violates the 4th Amendment. In the instant case, the requirement that the Plaintiff produce "proof of actual innocence" to recover compensation for his wrongful, and unlawful conviction and imprisonment, under the Tim Cole Act, after the granting of a *Schlup* – type writ of habeas corpus, violates the 4th and 14th Amendments to the U.S. Constitution.

## VI.
## DECLARATORY JUDGMENT REQUEST

33.     Plaintiff seeks declaratory relief declaring the "Proof of Actual Innocence" provision of the Tim Cole Act, *Texas Civil Practice and Remedies Code Chapter 103*, an extra-constitutional, or unconstitutional law, which deprives persons wrongfully convicted and imprisoned, in violation of their constitutional rights, to statutorily mandated compensation in violation of the 14th Amendment to the U.S. Constitution. *Thompson v. Clark*, ET AL Cert No. 20-659.

34.     Plaintiff seeks declaratory relief declaring that Plaintiff's writ of habeas corpus is a *Schlup* – type writ based upon procedural violations of Plaintiff's constitutional rights, and as such Texas law provides that a finding of actual innocence is implicit in the granting of said writ, and that no declaration of actual innocence is required to entitle Plaintiff to compensation under the Tim Cole Act.

35.     Plaintiff seeks declaratory relief and injunctive relief that he is entitled to compensation under the Tim Cole Act in the amount of $1,575,000 based upon calculations under the statue. The Tim Cole Act provides a person wrongfully convicted (and imprisoned) is entitled to $80,000 per year incarcerated plus an equivalent $80,000 per year in monthly annuity for life. The statue also requires payment of plus $25,000 for each year on parole. Plaintiff would be

entitled to $1,200,000 for 15-years incarcerated plus $375,000 for 15-years on parole for a total $1,575,000 plus, this equivalent amount per year for life as a monthly annuity. Plaintiff was incarcerated for 15 years and 15 years on parole before his conviction was vacated.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that this Court enter declaratory judgment and injunctive relief against Defendant(s) as set out in the Complaint above and award damages in the amount of $1,575,000 plus lifetime annuity as set forth under the Tim Cole Act and any further relief that this Court deems just and proper, and any other appropriate relief available at law and equity.

Respectfully submitted,

**GREALISH MCZEAL, P.C.**

By:*/s/ Dwight E. Jefferson*
      Dwight E. Jefferson
      State Bar No. 10605600
      700 Louisiana St., 48th Floor
      Houston, Texas 77002
      (713) 255-3234 – Telephone
      (713) 783-2502 – Facsimile
      Email: djefferson@grealishmczeal.com

**GREALISH MCZEAL, P.C.**

By: */s/ Marcellous S. McZeal*
      Marcellous S. McZeal
      S.D. Tex. Admission No.: 21271
      E-Mail mczeal@grealishmczeal.com
      700 Louisiana St., 48th Floor
      Houston, Texas 77002
      (713) 255-3234 – Telephone
      (713) 783-2502 – Facsimile

**ATTORNEYS FOR PLAINTIFF**
**ROBERT GANDY**